IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CYTOSPORT, INC., a California corporation, | | |
| Plaintiff, | | No. 2:11-cv-1147 WBS DAD |
| v. | | |
| MONSTER MUSCLE, INC., a New York business entity, | | <u>ORDER</u> |
| Defendant. | | |

Plaintiff commenced this action on April 27, 2011, by filing a complaint and paying the required filing fee. (Compl. (Doc. No. 2.)) This matter came before the court on July 20, 2012, for hearing on plaintiff's motion for default judgment following the entry of defendant's default by the Clerk of the Court. (Doc. No. 20.)

Although after the Clerk of the Court enters a defendant's default the court must take the well-pleaded factual allegations found in the plaintiff's complaint as true, the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." <u>DIRECTV, Inc. v. Hoa Huynh</u>, 503 F.3d 847, 854 (9th Cir. 2007).

Moreover, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the

1  subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). "A court, however, must
2  provide to a plaintiff the opportunity to assert facts to establish that the exercise of personal jurisdiction
3  over a nonresident defendant is proper before dismissing an action for lack of personal jurisdiction."
4  Facebook, Inc. v. Pedersen, 868 F. Supp.2d 953, 957 (N.D. Cal. May 21, 2012).

5  Here, plaintiff's complaint alleges that defendant is a business entity operating in the
6  state of New York. (Compl. (Doc. No. 2) at 2.) In determining whether the exercise of personal
7  jurisdiction over a nonresident defendant is proper, a district court must apply the law of the state in
8  which it sits when there is no applicable federal statute governing personal jurisdiction. Panavision
9  Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). District courts in California may exercise
10  personal jurisdiction over a nonresident defendant to the extent permitted by the Due Process Clause of
11  the Constitution. CAL. CODE CIV. P. § 410.10. The Due Process Clause requires that the defendant
12  have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend
13  traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Washington, 326 U.S.
14  310, 316 (1945) (citations and internal quotation marks omitted). The party seeking to invoke
15  jurisdiction has the burden of establishing that jurisdiction exists. Flynt Distrib. Co. v. Harvey, 734
16  F.2d 1389, 1392 (9th Cir. 1984). "Personal jurisdiction may be founded on either general jurisdiction
17  or specific jurisdiction." Facebook, Inc., 868 F. Supp.2d at 957. Here, plaintiff's complaint alleges
18  that "this Court has personal specific jurisdiction over Defendants since Defendants conduct business
19  directly related to the trademarks at issue in this case which do harm to Plaintiff in this judicial
20  district." (Compl. (Doc. No. 2) at 2.)

21  When a nonresident defendant's contacts with the forum are insufficiently pervasive to
22  subject him to general personal jurisdiction, the court must ask whether the "nature and quality" of his
23  contacts are sufficient to exercise specific personal jurisdiction over him. Data Disc, Inc. v. Sys. Tech.
24  Assoc., Inc., , 557 F.2d 1280, 1287 (9th Cir. 1977). A court may exercise specific personal jurisdiction
25  over a nonresident defendant if (1) the nonresident defendant purposefully directs his activities at the
26  forum or performs some act by which he purposefully avails himself of the privilege of conducting

activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiffs claim arises out of the forum-related activities of the nonresident defendant; and (3) the exercise of jurisdiction over the nonresident defendant is reasonable.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).  The plaintiff bears the burden of satisfying the first two of these three elements; if the plaintiff fails to establish either of them, specific personal jurisdiction over the nonresident defendant is improper.  Id. (citations omitted).  If the plaintiff satisfies the first two elements, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.  Id. (citations and internal quotation marks omitted).

In order to satisfy the purposeful-direction element in cases in which tortious conduct is alleged by the plaintiff, the Ninth Circuit requires that the actions of the nonresident defendant be purposefully directed at the forum based on an "effects test that focuses on the forum in which the defendant's actions were felt, whether or not the actions occurred within the forum."  Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011) (citations and internal quotation marks omitted).  This "effects test," which is based on the Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984), requires that the nonresident defendant (1) commit an intentional act, (2) that was expressly aimed at the forum state, and (3) that caused harm that the nonresident defendant knew would likely be suffered in the forum state.  Id.  "Unless the plaintiff establishes all three of the Calder elements, the purposeful-direction element is unsatisfied."  Facebook, Inc., 868 F. Supp.2d at 958.

Here, while this court may in fact have personal specific jurisdiction over defendant Monster Muscle, Inc., that is not clear from the allegations of plaintiff's complaint.  In this regard, the only mention of personal jurisdiction found in that complaint is the sentence quoted above, alleging that "this Court has personal specific jurisdiction over Defendants since Defendants conduct business directly related to the trademarks at issue in this case which do harm to Plaintiff in this judicial district." (Compl. (Doc. No. 2) at 2.)  Moreover, the issue of personal jurisdiction is not addressed in plaintiff's motion for default judgment.

1  Accordingly, plaintiff will be granted an opportunity to file a supplemental
2  memorandum addressing the issue of whether this court's personal jurisdiction over the defendant has
3  been adequately established.  See generally DFSB Kollective Co. Ltd. v. Bourne, No. C 11-1046 PJH,
4  2012 WL 4051128, at *2 (N.D. Cal. Sept. 13, 2012) (adopting report and recommendation denying
5  motion for default judgment where plaintiff did not make a prima facie showing that defendant
6  expressly aimed his conduct at California); Hall-Magner Group v. Convocation Flowers, Inc., No. 11-
7  CV-312 JLS (POR), 2012 WL 3069782, at *6 (S.D. Cal. July 27, 2012) ("Whether tortious conduct on
8  a nationally accessible website is expressly aimed at a particular forum in which the website may be
9  accessed is an evolving legal question that courts have struggled to answer since the invention of the
10 Internet."); Facebook, Inc., 868 F. Supp.2d at 958 (recommending denial of motion for default
11 judgment where plaintiff failed to show that defendants purposefully directed their activities at
12 California).

13  Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order
14 plaintiff shall submit a supplemental memorandum addressing the issue of whether this court has
15 personal jurisdiction over the defendant.

16 DATED: December 13, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\cytosport1147.jursd.ord