IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYTOSPORT, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>MONSTER MUSCLE, INC., a New York business entity,<br><br>        Defendant.<br>_____/ | No. 2:11-cv-1147 WBS DAD<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on July 20, 2012, for hearing on plaintiff's motion for default judgment. (Doc. No. 20.) Attorney Glenn Peterson appeared telephonically on behalf of the plaintiff. No appearance was made on behalf of the defendant. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be denied.

**PROCEDURAL BACKGROUND**

Plaintiff commenced this action on April 27, 2011, by filing a complaint and paying the required filing fee. (Compl. (Doc. No. 1.)) Therein, plaintiff alleges claims for trademark infringement in violation of 15 U.S.C. § 1114(A) and California Business & Profession Code § 14245, trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(A) and California

1

Business & Profession Code § 17200, trademark infringement and unfair competition in violation of California common law, trademark dilution in violation of 15 U.S.C. § 1125(C) and California Business & Profession Code § 14247, and cyberpiracy in violation of 15 U.S.C. § 1125(D).  (Compl. (Doc. No. 2) at 7-10.[1])  Plaintiff's complaint seeks declaratory and injunctive relief, monetary damages, reasonable attorneys' fees and costs, and prejudgment and post-judgment interest.  Despite being served with process, defendant Monster Muscle, Inc. has failed to appear in this action.  (Doc. No. 9.)  Pursuant to plaintiff's request, the Clerk of the Court entered defendant's default on December 9, 2011.  (Doc. Nos. 12 & 13.)

Plaintiff filed the motion for default judgment now pending before the court on June 1, 2012, noticing it to be heard on June 29, 2012, pursuant to Local Rule 302(c)(19).  (Doc. No. 20.)  The matter came before the undersigned on June 29, 2012, oral argument was heard, and the matter continued to July 20, 2012.  (Doc. No. 21.)  Despite being served with all papers filed in connection with the pending motion, there was no opposition filed by defendant and no appearance made on behalf of defendant at the July 20, 2012 hearing.  (Doc Nos. 23, 26 & 27.)

On December 13, 2012, the court ordered plaintiff to submit within thirty days a supplemental memorandum addressing the issue of whether this court has personal jurisdiction over the defendant.  (Doc. No. 35.)  The thirty-day period has expired and plaintiff has not filed the supplemental declaration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Granting or denying default judgment, however, is within the court's sound discretion, see Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a variety of factors in exercising that discretion.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Upon entry of default, the complaint's factual allegations regarding liability are

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1   taken as true, while allegations regarding the amount of damages must be proven. <u>Dundee Cement Co.</u>
2   <u>v. Howard Pipe & Concrete Products</u>, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing <u>Geddes v. United</u>
3   <u>Fin. Group</u>, 559 F.2d 557 (9th Cir. 1977)); <u>see</u> <u>also</u> <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915,
4   917 (9th Cir. 1987).

5          Although after the Clerk of the Court enters a defendant's default the court must take
6   the well-pleaded factual allegations found in the plaintiff's complaint as true, the "'defendant is not
7   held to admit facts that are not well-pleaded or to admit conclusions of law.'" <u>DIRECTV, Inc. v. Hoa</u>
8   <u>Huynh</u>, 503 F.3d 847, 854 (9th Cir. 2007) (quoting <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515
9   F.2d 1200, 1206 (5th Cir. 1975)). Moreover, and of particular importance in resolving the pending
10  motion, "[w]hen entry of judgment is sought against a party who has failed to plead or otherwise
11  defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter
12  and the parties." <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999).

13                                **ANALYSIS**

14         Here, plaintiff's complaint alleges that defendant Monster Muscle, Inc. is a business
15  entity operating in the state of New York. (Compl. (Doc. No. 2) at 2.) As one court has recently
16  stated:

> In determining whether the exercise of personal jurisdiction over
> a nonresident defendant is proper, a district court must apply the law of
> the state in which it sits when there is no applicable federal statute
> governing personal jurisdiction. <u>Panavision Int'l, L.P. v. Toeppen</u>, 141
> F.3d 1316, 1320 (9th Cir. 1998). District courts in California may
> exercise personal jurisdiction over a nonresident defendant to the extent
> permitted by the Due Process Clause of the Constitution. CAL. CODE
> CIV. P. § 410.10. The Due Process Clause requires that the defendant
> have "certain minimum contacts" with the forum "such that the
> maintenance of the suit does not offend traditional notions of fair play
> and substantial justice." <u>Int'l Shoe Co. v. State of Washington</u>, 326 U.S.
> 310, 316 (1945) (citations and internal quotation marks omitted). The
> party seeking to invoke jurisdiction has the burden of establishing that
> jurisdiction exists. <u>Flynt Distrib. Co. v. Harvey</u>, 734 F.2d 1389, 1392
> (9th Cir. 1984). Personal jurisdiction may be founded on either general
> jurisdiction or specific jurisdiction.

26  <u>Facebook, Inc. v. Pedersen</u>, 868 F. Supp.2d 953, 957 (N.D. Cal. 2012). Here, plaintiff's complaint

1  alleges that "this Court has personal specific jurisdiction over Defendants since Defendants conduct
2  business directly related to the trademarks at issue in this case which do harm to Plaintiff in this
3  judicial district." (Compl. (Doc. No. 2) at 2.)

4  When a nonresident defendant's contacts with the forum are insufficiently pervasive to
5  subject him to general personal jurisdiction, the court must ask whether the "nature and quality" of his
6  contacts are sufficient to exercise specific personal jurisdiction over him. Data Disc, Inc. v. Sys. Tech.
7  Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). A court may exercise specific personal jurisdiction
8  over a nonresident defendant if: (1) the nonresident defendant purposefully directs his activities at the
9  forum or performs some act by which he purposefully avails himself of the privilege of conducting
10 activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiff's
11 claim arises out of the forum-related activities of the nonresident defendant; and (3) the exercise of
12 jurisdiction over the nonresident defendant is reasonable. Brayton Purcell LLP v. Recordon &
13 Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010); Schwarzenegger, 374 F.3d at 802. The plaintiff bears
14 the burden of satisfying the first two of these three elements and if the plaintiff fails to establish either
15 of them, specific personal jurisdiction over the nonresident defendant does not exist. Schwarzenegger,
16 374 F.3d at 802. (citations omitted). If the plaintiff satisfies the first two elements, the burden then
17 shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be
18 reasonable. Id. (citations and internal quotation marks omitted).

19 In order to satisfy the purposeful-direction element in cases in which tortious conduct is
20 alleged by the plaintiff, the Ninth Circuit requires that the actions of the nonresident defendant be
21 purposefully directed at the forum based on an "effects test that focuses on the forum in which the
22 defendant's actions were felt, whether or not the actions occurred within the forum." Mavrix Photo,
23 Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011) (citations and internal quotation
24 marks omitted). See also Washington Shoe Co. v. A-Z Sporting Goods Inc., --- F.3d ---, --- , 2012 WL
25 6582345, at *2 (9th Cir. Dec. 17, 2012) ("The plaintiff may satisfy this prong by demonstrating that the
26 defendant either purposefully availed itself of the privilege of conducting activities in the forum, or

1  purposefully directed its activities at the forum."). This "effects test," which is based on the Supreme
2  Court's decision in Calder v. Jones, 465 U.S. 783 (1984), requires that the nonresident defendant (1)
3  commit an intentional act, (2) that was expressly aimed at the forum state, and (3) that caused harm
4  that the nonresident defendant knew would likely be suffered in the forum state. Mavrix Photo, 647
5  F.3d at 1228. "Unless the plaintiff establishes all three of the Calder elements, the purposeful-direction
6  element is unsatisfied." Facebook, Inc., 868 F. Supp.2d at 958.

With respect to the intentional act element of the Calder test, according to the allegations of the complaint, plaintiff CytoSport, Inc., manufactures and markets nutritional and dietary supplements. Among the products offered by plaintiff is a line of supplements used in connection with bodybuilding sold under numerous Monster-formative trademarks, including Monster Food, Monster Milk, Monster Mass, Monster Amino, Monster Maize and Monster pump. Plaintiff is the owner of United States trademarks for the marks Monster Food, Monster Milk, Monster Mass, Monster Amino, Monster Maize and Monster pump. (Compl. (Doc. No. 2) at 2-3.)

In the course of manufacturing and marketing its own nutritional and dietary supplements defendant uses the term Monster, including, but not limited to, the terms Monster Science, Monster Muscle and MonstersFood. Defendant has filed applications for federal registration of the trademarks Monstersfood and Monster Science and defendant's website to sell its products is www.monstersfood.com. This website depicts a large bottle of powdered nutritional supplement next to a large bold print display reading MONSTER MUSCLE. Through the website defendant sells an array of nutritional supplements similar to plaintiff's products. (Id. at 3-4.)

By adopting the Monster mark on virtually identical products defendant is attempting to trade on the goodwill associated with plaintiff's trademarks. Moreover, plaintiff's and defendant's products compete directly with one another. They are both sold in powdered form, are both used primarily as nutritional supplements directed towards bodybuilders, are sold through identical channels of trade to an identical class of consumers and would be displayed side-by-side on the internet and retail store shelves. Moreover, because the parties' products are similar and closely related,

defendant's use of the names Monster Science, Monster Muscle and MonstersFood for its products is likely to deceive or cause confusion or mistake among consumers.  (Id. at 5.)

In short, plaintiff's complaint alleges that the defendant intentionally engaged in the actual, physical acts of manufacturing and selling allegedly infringing products.  Such allegations clearly constitute "an 'intentional act' within the meaning of the Calder test." Washington Shoe Co., 2012 WL 6582345 at *2.  See also Facebook, Inc., 868 F. Supp.2d at 958-59 (finding intentional act element satisfied "because defendants acted intentionally in registering" domain names that allegedly infringed plaintiff's registered marks).

With respect to the express aiming element of the Calder test, however, there are simply no allegations, either in plaintiff's complaint or in plaintiff's motion for default judgment, establishing that defendant's conduct was expressly aimed at California.[2]  Plaintiff's complaint simply asserts that defendant's actions constitute intentional infringement and that jurisdiction is proper in California because that is where plaintiff, holder of the trademarks, was harmed.  (Compl. (Doc. No. 2) at 2.) Such general allegations, however, are insufficient to establish that defendant's conduct was expressly aimed at California.  See Washington Shoe Co., 2012 WL 6582345, at *5 ("We have held that Calder 'cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction.'"); Brayton Purcell LLP, 606 F.3d at 1129 ("regardless whether a case involves the internet, the question remains whether the defendant's conduct was expressly aimed at the forum."); Facebook, Inc., 868 F. Supp.2d at 959 ("To find that a nonresident defendant expressly aimed his conduct at the forum, the Ninth Circuit requires 'something more' than 'simply registering someone else's trademark as a domain name and posting a web site on the Internet.'"); see also Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (finding express aiming requirement satisfied when "the defendant is alleged to have engaged in wrongful

---

[2] As noted above, the Court ordered plaintiff to submit a supplemental memorandum addressing the issue of whether this court has personal jurisdiction over the defendant.  (Doc. No. 35.) Nonetheless, plaintiff has apparently elected not to file that memorandum or to address the court's expressed concern.

conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state."); Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1087 (9th Cir. 2000) ("Subsequent cases from this circuit bear out the conclusion that 'express aiming' encompasses wrongful conduct individually targeting a known forum resident."); DFSB Kollective Co. Ltd. v. Bourne, No. C 11-1046 PJH, 2012 WL 4051128, at *8 (N.D. Cal. 2012) ("If the defendant merely operates a website, even a highly interactive website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."); cf. Mavrix Photo, Inc., 647 F.3d at 1229 (finding "something more" where defendant's tortious conduct on a nationally accessible website was "part of its exploitation of the California market for its own commercial gain."); Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1020 (9th Cir. 2002) (finding "something more" where in addition to website, plaintiff alleged that defendant 'specifically targeted consumers' in Nevada 'by running radio and print advertisements in Las Vegas.'"); Panavision Intern., L.P., 141 F.3d at 1322 (finding "something more" where defendant "engaged in a scheme to register Panavision's trademarks as his domain names for the purpose of extorting money from Panavision" because "[h]is conduct, as he knew it likely would, had the effect of injuring Panavision in California where Panavision has its principal place of business and where the movie and television industry is centered.").

Accordingly, the undersigned finds that plaintiff has failed to satisfy the second element of the Calder test. "Unless the plaintiff establishes all three of the Calder elements, the purposeful-direction element is unsatisfied." Facebook, Inc., 868 F. Supp.2d at 958.[3] Plaintiff having failed to satisfy its burden of establishing that the exercise of personal jurisdiction over defendant by this court is appropriate, its motion for default judgment should therefore be denied.

---

[3] Because plaintiff has not satisfied the purposeful-direction element of the jurisdiction analysis, the court need not determine whether plaintiff can satisfy the remaining elements. See 800 Degrees, LLC v. 800 Degrees Pizza, LLC, No. CV 12-6838 PSG (MRWx), 2012 WL 5935698, at *4 (C.D. Cal. Nov. 27, 2012); DFSB Kollective Co. Ltd. v. Bourne, No. C 11-1046 PJH, 2012 WL 4051128, at *13 (N.D. Cal. 2012).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's June 1, 2012 motion for default judgment (Doc. No. 20) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 22, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\cytosport1147.mdj.den.f&rs